UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

PRINCESS PRESTON,

               Plaintiff,

        -against-

CITY OF NEW YORK; Police Officer NICOLAS
CRECCA, Tax Reg. No. 958447; and JOHN DOE
1 through 9, individually and in their official
capacities (the names John and Jane Doe being
fictitious, as their true names are presently
unknown),

               Defendants.

------------------------------------------------------------X

**COMPLAINT**

Jury Trial Demanded

17-CV-6498

## INTRODUCTION

1.     Plaintiff Princess Preston ("Plaintiff"), through her attorney, Joe Stancati,

Esq., brings this action for compensatory damages, punitive damages and attorneys' fees

and costs for the wrongful and unlawful acts of Defendants CITY OF NEW YORK

("CITY"), New York City Police Department ("NYPD") Police Officer NICOLAS

CRECCA ("CRECCA") and Police Officers JOHN DOE 1 through 9 (collectively,

"DEFENDANTS"), in violation of Plaintiff's rights under the laws and Constitution of the

United States of America.

## NATURE OF THE ACTION

2.     This is an action to recover money damages on Plaintiff's behalf arising out

of DEFENDANTS' violation of Plaintiff's rights upheld by 42 U.S.C. § 1983 and the

Fourth and Fourteenth Amendments to the Constitution of the United States of America.

## JURISDICTION AND VENUE

3.      This action seeks redress for the violation of Plaintiff's constitutional and
civil rights, pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth
Amendments to the Constitution of the United States of America.

4.      The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343
and 1367(a).

5.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c).

## JURY DEMAND

6.      Plaintiff demands a trial by jury in this action.

## PARTIES

7.      Plaintiff resides in Queens County in the City and State of New York.

8.      Defendant CITY is a municipal corporation organized under the laws of the
State of New York. It is authorized by law to maintain and operate the NYPD, an agency
of Defendant CITY in the area of law enforcement. Defendant CITY is thereby responsible
for the actions of the NYPD. The NYPD is responsible for the training, appointment,
supervision, promotion and discipline of police officers and supervisory police officers,
including the individually-named defendants herein.

9.      Defendant CRECCA, at all pertinent times, was carrying out his official
duties as a police officer, detective or supervisor employed by the NYPD, with the
authority attendant to those positions, under color of state law. Defendant CRECCA is sued
in his individual and official capacities.

10.     Plaintiff presently does not know the real names and shield numbers of

2

Defendant Police Officers JOHN DOE 1 through 9.

11.    Defendant Police Officers JOHN DOE 1 through 9, at all pertinent times, were carrying out their official duties as police officers, detectives or supervisors employed by the NYPD, with the authority attendant to those positions, under color of state law. Defendant Police Officers JOHN DOE 1 through 9 are sued in their individual and official capacities.

## FACTS

12.    Plaintiff is an African-American, black woman who is 32 years old.

13.    On February 16, 2016, at about 5:00 a.m., Plaintiff was traveling to work on an MTA bus in Queens.

14.    At her stop at or near Jamaica Avenue and Parsons Boulevard, as Plaintiff was standing line to exit the bus, a woman behind Plaintiff tried to push past her.

15.    This woman bumped into Plaintiff and cut in line ahead of her.

16.    Plaintiff said to this woman, in sum and substance, "Miss, calm down. We're all getting off the bus."

17.    When this woman exited the bus, she turned around toward Plaintiff, as Plaintiff was still on the bus, and shouted at Plaintiff, "Bitch, I will fuck you up!" This woman then repeated this exact threat.

18.    Immediately after Plaintiff exited the bus, this woman attacked Plaintiff, punching Plaintiff in her face several times.

19.    Any contact that Plaintiff might have made on this woman was exclusively in self-defense against this woman's enraged, brutal and unprovoked attack.

20.    This woman pulled Plaintiff to the ground and continued attacking her.

3

21.     Defendant Police Officer CRECCA arrived at the scene, seeing this woman on top of Plaintiff and continuing to physically attack Plaintiff.

22.     Defendant Police Officer CRECCA had to pull this woman off of Plaintiff in order to stop this woman's attack.

23.     After Defendant CRECCA had restrained the woman, the woman physically struggled to try to break free from him in order to continue attacking Plaintiff.

24.     This woman admitted to Defendant Police Officer CRECCA that she had "swiped past" Plaintiff on the bus and cut in line in front of Plaintiff.

25.     With painful injuries to her face and head and severely distraught, Plaintiff walked to the subway, continuing her travel to work.

26.     As Plaintiff walked, Plaintiff heard this woman scream, "I want to press charges on that bitch!"

27.     Immediately thereafter, as Plaintiff was walking down the stairs to the subway, Defendant Police Officer CRECCA ordered Plaintiff to turn around and walk back up the stairs toward him, which Plaintiff did, as CRECCA walked down the stairs toward her.

28.     Defendant Police Officer CRECCA asked Plaintiff, in sum and substance, "what [Plaintiff] wanted to do", meaning, whether Plaintiff wanted the police to be further involved in the incident.

29.     Plaintiff replied that she just wanted to go to work.

30.     Defendant Police Officer CRECCA told Plaintiff that if the other woman (the attacker) did not want to press charges against Plaintiff, they both would be free to go.

31.     Defendant Police Officer CRECCA told Plaintiff that if the other woman

did want to press charges against Plaintiff, Plaintiff would be allowed to press charges against the other woman.

32.     Defendant Police Officer CRECCA ordered Plaintiff to walk back up the subway stairs with him, which she did.

33.     CRECCA told Plaintiff to stand in place on the sidewalk while he spoke again with the woman.

34.     Plaintiff heard the woman say to CRECCA, "I don't give a fuck! I'm pressing charges on that bitch!"

35.     Defendant NYPD Police Officers JOHN DOE 1 through 5 arrived at the scene.

36.     The following allegations will likely have evidentiary support after a reasonable opportunity for further investigation or discovery: Defendant NYPD Police Officers JOHN DOE 1 through 5, and Defendant Police Officer CRECCA, were white men.

37.     Defendant NYPD Police Officers JOHN DOE 1 through 3 physically handcuffed and arrested Plaintiff.

38.     The following allegations will likely have evidentiary support after a reasonable opportunity for further investigation or discovery: Defendant NYPD Police Officers JOHN DOE 1 through 3 made said arrest at the direction of Defendant Police Officer CRECCA.

39.     Said Defendant Officers held Plaintiff in custody on the sidewalk for about 30 minutes while Defendant Police Officer CRECCA spoke with the other woman, who was not handcuffed or arrested.

40.     The following allegations will likely have evidentiary support after a reasonable opportunity for further investigation or discovery: this woman was an NYPD police officer at the time of incident.

41.     Despite Defendant Police Officer CRECCA having witnessed part of this woman's attack on Plaintiff, CRECCA did not arrest this woman.

42.     Defendant NYPD Police Officers JOHN DOE 1 through 3 transported Plaintiff to the NYPD 103rd Precinct.

43.     Plaintiff was searched at the precinct and then detained in a cell for about three to four hours.

44.     When Plaintiff was released from the cell, she asked the NYPD police officer who let her out, Defendant NYPD Police Officer JOHN DOE 6, a white man, in sum and substance, "what's going to happen next, since the woman and I have filed charges against each other?"

45.     Defendant NYPD Police Officer JOHN DOE 6 told Plaintiff that Plaintiff had not filed charges against the attacking woman.

46.     Surprised by this statement, in light of what Defendant Police Officer CRECCA had told her prior to her arrest, Plaintiff told Defendant NYPD Police Officer JOHN DOE 6 that she wanted to press charges against the attacker.

47.     Defendant NYPD Police Officer JOHN DOE 6 told Plaintiff that it was "too late" for Plaintiff to press charges.

48.     Plaintiff also asked another NYPD police officer near the precinct's entrance why she was not being allowed to press charges.

49.     This officer claimed to have no knowledge of the incident and told Plaintiff

that, in sum and substance, he "didn't want to give her wrong information."

50.     Plaintiff traveled home and saw in the mirror the injuries to her face and head in full for the first time.

51.     At home, Plaintiff's mother called 911 and told the operator that her daughter had been physically assaulted and needed an ambulance.

52.     An ambulance picked up Plaintiff and took her to Queens General Hospital.

53.     Soon after Plaintiff arrived at the hospital, two NYPD police officers also arrived there, likely due to the mention of a physical assault on Plaintiff in the 911 call.

54.     Both of these officers recommended to Plaintiff that she return to the 103rd Precinct after she left the hospital in order to file a complaint report against the attacker.

55.     At the hospital, Plaintiff was diagnosed and treated for two black eyes and muscle pain in her head and face, caused by head trauma.

56.     After she was released from the hospital, Plaintiff returned to the 103rd Precinct.

57.     Again, Plaintiff tried to file a complaint report against the woman.

58.     Defendant NYPD Police Officers JOHN DOE 7 through 9 told Plaintiff that Plaintiff could not file a complaint report because, in sum and substance, "the courts now have control over the incident."

59.     Said Defendant Officers also repeatedly told Plaintiff that if the woman were found to be the aggressor in the incident, "the court will press charges on her."

60.     Pursuant to doctors' orders, Plaintiff was excused from work for several days in order to help her to recover from her injuries.

61.     On or around April 26, 2017, Plaintiff filed an IAB complaint about the

7

incident.

62.     On April 28, 2017, in Queens Criminal Court, Plaintiff was arraigned on charges of Third-Degree Assault and Second-Degree Harassment.

63.     In the evening of July 3, 2017, an NYPD police officer at the 103rd Precinct, "Nancy McDowell," called Plaintiff at home and asked Plaintiff why she had filed an IAB complaint against an officer at that precinct.

64.     Plaintiff replied, in sum and substance, that she saw no reason why she was being asked that question, as the answer to that question was in Plaintiff's complaint.

65.     Officer "McDowell" told Plaintiff that she was calling on behalf of her supervisor, NYPD Sergeant "Farzal."

66.     Plaintiff told Officer "McDowell" that she would not continue this conversation, but would be willing to speak with Sergeant "Farzal" directly.

67.     In the evening of July 26, 2017, after 10:00 p.m., while Plaintiff was asleep at home, a male NYPD police officer from the 103rd Precinct called Plaintiff and again asked Plaintiff why she had filed an IAB complaint against an officer at that precinct.

68.     This officer told Plaintiff that he had called her three other times.

69.     Plaintiff replied that he should contact her lawyer about that, and the officer hung up immediately.

70.     On July 28, 2017, in Queens Criminal Court, all charges against Plaintiff were dismissed in her favor.

## FIRST CLAIM
### False Arrest under 42 U.S.C. § 1983.

71.     Plaintiff repeats and re-alleges every allegation contained in the paragraphs

above as if fully set forth herein.

72.     As a result of the aforementioned conduct of Defendant Police Officer CRECCA and Defendant NYPD Police Officers JOHN DOE 1 through 3, Plaintiff was subjected to an illegal, improper, and false arrest, taken into custody, and falsely detained, confined, imprisoned and incarcerated by said Defendant Officers, without any probable cause, privilege or consent.

73.     As a direct and proximate result of the foregoing, these Defendant Officers deprived Plaintiff of her liberty for about four to five hours, and Plaintiff was at all times aware of her confinement. Plaintiff was subjected to handcuffing and other physical restraints without probable cause.

74.     As a direct and proximate result of her false arrest, Plaintiff was subjected to humiliation, embarrassment and disgrace within her community. Plaintiff's reputation with her community suffered as a result of this false arrest.

75.     Also, Plaintiff suffered: physical injuries, pain and discomfort; mental and emotional pain; and public humiliation and embarrassment.

76.     These Defendant Officers carried out the aforementioned acts under color of state law.

77.     This false arrest of Plaintiff without probable cause or reasonable suspicion deprived Plaintiff of rights secured by Fourth and Fourteenth Amendments to the Constitution of the United States of America, in violation of 42 U.S.C. § 1983, for which these Defendant Officers are individually liable.

78.     These actions were intentional, wanton, malicious, reckless, and oppressive and entitle Plaintiff to an award of punitive damages.

9

79.     These Defendant Officers are liable, in their individual and official capacities, for compensatory and punitive damages, in amounts to be determined at trial.

## SECOND CLAIM
### Malicious Abuse of Process under 42 U.S.C. § 1983.

80.     Plaintiff repeats and re-alleges every allegation contained in the paragraphs above as if fully set forth herein.

81.     Defendant Police Officer CRECCA arrested Plaintiff and executed a criminal complaint against her.

82.     Defendant Police Officer CRECCA thereby initiated criminal proceedings against Plaintiff.

83.     In so doing, Defendant Police Officer CRECCA intended to harm Plaintiff by forcing her to defend herself against false criminal charges and to face the possibility of imprisonment and other penalties if she were convicted or otherwise found guilty on those charges.

84.     Defendant Police Officer CRECCA committed the above acts in order to protect the woman who attacked Plaintiff, his fellow NYPD Police Officer Shona Brown, from prosecution for her own, actual crimes against Plaintiff.

85.     Attempting to prevent the prosecution of a fellow police officer is a collateral objective that is outside of the legitimate ends of initiating and continuing the criminal prosecution of another person.

86.     As a direct and proximate result of this malicious abuse of process, Plaintiff was deprived of her liberty for about four to five hours and required to defend herself

10

against false and spurious criminal charges for over six months. Consequently, Plaintiff was subjected to humiliation, embarrassment and disgrace within her community. Plaintiff's reputation with her community suffered as a result of this malicious abuse of process.

87.     Also, Plaintiff suffered: physical injuries, pain and discomfort; mental and emotional pain; and public humiliation and embarrassment.

88.     Defendant Police Officer CRECCA carried out the aforementioned acts under color of state law.

89.     This malicious abuse of process against Plaintiff deprived Plaintiff of rights secured by Fourth and Fourteenth Amendments to the Constitution of the United States of America, in violation of 42 U.S.C. § 1983, for which Defendant Police Officer CRECCA is individually liable.

90.     These actions were intentional, wanton, malicious, reckless, and oppressive and entitle Plaintiff to an award of punitive damages.

91.     Defendant Police Officer CRECCA is liable, in his individual and official capacities, for compensatory and punitive damages, in amounts to be determined at trial.

## THIRD CLAIM
### Violation of Equal Protection under 42 U.S.C. § 1983.

92.     Plaintiff repeats and re-alleges every allegation contained in the paragraphs above as if fully set forth herein.

93.     Plaintiff is an African-American, black woman.

94.     As a result of the aforementioned conduct of Defendant Police Officer CRECCA and Defendant NYPD Police Officers JOHN DOE 1 through 3, Plaintiff was

11

subjected to an illegal, improper, and false arrest, taken into custody, and falsely detained, confined, imprisoned and incarcerated by said Defendant Officers, without any probable cause, privilege or consent.

95.     Defendant Police Officer CRECCA executed a criminal complaint against Plaintiff.

96.     Defendant Police Officer CRECCA thereby initiated criminal proceedings against Plaintiff.

97.     These Defendant Officers took these actions, solely or in part, because they were motivated to discriminate against Plaintiff due to her race and color.

98.     As a direct and proximate result of these violations of Plaintiff's rights to equal protection under the law, Plaintiff was deprived of her liberty for about four to five hours and required to defend herself against false and spurious criminal charges for over six months. Consequently, Plaintiff was subjected to humiliation, embarrassment and disgrace within her community. Plaintiff's reputation with her community suffered as a result of these violations of her rights to equal protection under the law.

99.     Also, Plaintiff suffered: physical injuries, pain and discomfort; mental and emotional pain; and public humiliation and embarrassment.

100.    These Defendant Officers carried out the aforementioned acts under color of state law.

101.    These actions against Plaintiff deprived Plaintiff of rights secured by Fourth and Fourteenth Amendments to the Constitution of the United States of America, in violation of 42 U.S.C. § 1983, for which these Defendant Officers are individually liable.

102.    These actions were intentional, wanton, malicious, reckless, and oppressive

12

and entitle Plaintiff to an award of punitive damages.

103.    These Defendant Officers are liable, in their individual and official capacities, for compensatory and punitive damages, in amounts to be determined at trial.

### FOURTH CLAIM
### Failure to Intervene under 42 U.S.C. § 1983.

104.    Plaintiff repeats and re-alleges every allegation contained in the paragraphs above as if fully set forth herein.

105.    The individually-named Defendant Officers who were present during the incident but did not actively participate in the unlawful conduct described herein, including Defendant NYPD Police Officers JOHN DOE 4 and 5, did observe such conduct and had an opportunity to prevent such conduct, and therefore had an affirmative duty to intervene on behalf of Plaintiff to prevent the aforementioned violations of her constitutional rights by Defendant Police Officer CRECCA and Defendant NYPD Police Officers JOHN DOE 1 through 3.

106.    Said individually-named Defendant Officers, including Defendant NYPD Police Officers JOHN DOE 4 and 5, failed to so intervene.

107.    As a direct and proximate result of these Defendant Officers' abdication of their affirmative duty to so intervene on behalf of Plaintiff, Plaintiff was deprived of her liberty for about four to five hours and required to defend herself against false and spurious criminal charges for over six months. Consequently, Plaintiff was subjected to humiliation, embarrassment and disgrace within her community. Plaintiff's reputation with her community suffered as a result of these violations of her rights to equal protection under the law.

108.    Also, Plaintiff suffered: physical injuries, pain and discomfort; mental and emotional pain; and public humiliation and embarrassment.

109.    These Defendant Officers carried out the aforementioned acts under color of state law.

110.    These actions against Plaintiff deprived Plaintiff of rights secured by Fourth and Fourteenth Amendments to the Constitution of the United States of America, in violation of 42 U.S.C. § 1983, for which these Defendant Officers are individually liable.

111.    These Defendant Officers are liable, in their individual and official capacities, for compensatory damages, in amounts to be determined at trial.

### FIFTH CLAIM
**Violation of Procedural Due Process under 42 U.S.C. § 1983**

112.    Plaintiff repeats and re-alleges every allegation contained in the paragraphs above as if fully set forth herein.

113.    Defendant Police Officer CRECCA and Defendant NYPD Police Officers JOHN DOE 6 through 9 knowingly, intentionally and unlawfully neglected to perform their duty to allow Plaintiff to credibly file a complaint report against the woman who attacked her.

114.    In so doing, these Defendant Officers knowingly, intentionally and unlawfully deprived Plaintiff of her constitutionally protected liberty interest in filing a complaint report against her attacker, and accuser.

115.    These Defendant Officers' refusal to allow Plaintiff to credibly file a complaint report violated the NYPD's promulgated procedures.

116.    This outright refusal constitutes insufficient process to protect Plaintiff's

14

aforementioned liberty interest.

117.    Because of these violations of Plaintiff's rights to equal protection under the law, Plaintiff was deprived of her liberty for about four to five hours and required to defend herself against false and spurious criminal charges for over six months. Consequently, Plaintiff was subjected to humiliation, embarrassment and disgrace within her community. Plaintiff's reputation with her community suffered as a result of these violations of her rights to equal protection under the law.

118.    Also, Plaintiff suffered: physical injuries, pain and discomfort; mental and emotional pain; and public humiliation and embarrassment.

119.    These Defendant Officers carried out the aforementioned acts under color of state law.

120.    These actions against Plaintiff deprived Plaintiff of rights secured by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States of America, in violation of 42 U.S.C. § 1983, for which these Defendant Officers are individually liable.

121.    These Defendant Officers are liable, in their individual and official capacities, for compensatory and punitive damages, in amounts to be determined at trial.

### SIXTH CLAIM
### Municipal Liability under 42 U.S.C. § 1983

122.    Plaintiff repeats and re-alleges every allegation contained in the paragraphs above as if fully set forth herein.

123.    All of the aforementioned acts deprived Plaintiff of the rights, privileges, and immunities guaranteed to her by the Fourth, Fifth and Fourteenth Amendments to the

Constitution of the United States of America, in violation of 42 U.S.C. § 1983.

124.    The acts of the individual Defendant Officers complained of herein were committed while they were carrying out their official duties as police officers, detectives or supervisors employed by the NYPD, with the authority attendant to those positions, under color of state law.

125.    The acts of the individual Defendant Officers complained of herein were committed pursuant to the customs, policies, usages, practices, procedures, and rules of Defendant CITY and the NYPD, all under the supervision of ranking officers of the NYPD.

126.    The foregoing customs, policies, usages, practices, procedures, and rules of Defendant CITY and the NYPD produced a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff.

127.    The foregoing customs, policies, usages, practices, procedures, and rules of Defendant CITY and the NYPD were the direct and proximate cause of the constitutional violations suffered by Plaintiff, as alleged herein.

128.    The foregoing customs, policies, usages, practices, procedures, and rules of Defendant CITY and the NYPD were the moving force behind the constitutional violations suffered by Plaintiff, as alleged herein.

129.    Defendant Officers, collectively and individually, while acting under color of state law, were directly and actively involved in violating Plaintiff's constitutional rights.

130.    Defendant Officers, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of Plaintiff's constitutional rights.

131.    Defendant CITY, as municipal policymaker in the training and supervision of the NYPD, has pursued a policy and custom of deliberate indifference to the rights of persons in its domain who suffer violations of the right to freedom from false arrest and prosecution not based on probable cause or reasonable suspicion, and race- or color-based discrimination, in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

132.    All of the foregoing acts by DEFENDANTS deprived Plaintiff of federally-protected rights, including, inter alia, the right:

a.  To be free from search, seizure, arrest, imprisonment and prosecution not based upon reasonable suspicion or probable cause;

b.  To be free from and race- or color-based discrimination; and

c.  To be free from deprivation of liberty without due process of law.

17

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against DEFENDANTS

as follows:

1. Compensatory damages against all DEFENDANTS, jointly and severally;

2. Punitive damages against Defendant Officers, jointly and severally;

3. Reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

4. Such other and further relief as this Court deems just and proper.


Dated:        November 8, 2017
              New York, NY




                              Respectfully,



                              _____

                              **Law Office of Joe Stancati**
                              305 Broadway, 9th Floor
                              New York, NY 10007
                              212-822-1456 (office)
                              212-858-9205 (cell)
                              212-656-1363 (fax)
                              joe@stancati-law-nyc.com

                              *Attorney for Plaintiff*




18